UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAMELA WELLS,

        Plaintiff,                                Hon. Paul L. Maloney

v.                                                    Case No. 1:07-cv-01214

CORPORATE RECEIVABLES,
INC., et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Default Judgment as to Corporate Receivables, Inc. ("CRI") (Dkt. 106), which was referred to the undersigned by the Honorable Paul L. Maloney for report and recommendation. Defendant CRI has been unavailable and uncooperative for most of the pendency of this litigation. Its first attorneys were allowed to withdraw due to the company's refusal to cooperate in discovery and its refusal to communicate with them. (Dkt. Nos. 76, 80). CRI has been warned repeatedly by the Court on the record that its failure to participate in this litigation puts it at risk for a default judgment.

On April 22, 2009, this Court granted 1) Plaintiff's Motion to Compel Deposition of CRI and 2) Plaintiff's Motion to Compel ESI by CRI (Dkt. 105). The Court ordered that CRI produce its 30(b)(6) witness(es) for deposition and to produce documents responsive to Plaintiff's request within 14 days from entry of the Order. Additionally, it ordered that CRI produce Angela Galvan if she could be located and agreed to appear for deposition. The 14 day period outlined by the Court

expired on May 6, 2009. Also on April 22, 2009, the court heard Plaintiff's Motion for Default against CRI (Dkt. 85), which it denied without prejudice because CRI had not previously been warned specifically of the potential for default judgment. The order on the motion warned CRI that failure to comply with the Court's discovery order could result in entry of default against it (Dkt. 105):

> By this, the Court specifically advises Defendant Corporate Receivables, Inc. that any further failures to cooperate in discovery of this case, to comply with the discovery rules, or violate this order may result in the issuance of sanction including (but not limited to ) striking of the answer and affirmative defense, and entry of a default against this defendant.

Dkt. 105, ¶ 4.

CRI failed to comply with the Court's Order. Specifically, it again refused to produce its witnesses for deposition and again failed to produce the documents as ordered by this Court.

Plaintiff was forced to file another motion for default judgment (Dkt. 106), to which defendant CRI filed no response. Additionally, at the hearing on the motion, held July 1, 2009, counsel for CRI admitted that the requested documents had still not been produced, although he did say that he had finally provided some dates for depositions. Counsel for CRI asked for the court's indulgence, but as was stated on the record at the hearing, the undersigned determined that defendant CRI's continuing conduct left no choice but to recommend that the most recent motion for default judgment be granted.

CRI has demonstrated its disregard for the discovery process and the orders of this court. In such a situation, striking a parties' pleadings and the entering of a default judgment are authorized under F.RCiv.P. 37:

**(b) Failure to Comply with a Court Order.**

(2) Sanctions in the District Where the Action Is Pending.

(A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent--or a witness designated under Rule 30(b)(6) or 31(a)(4)--fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
(iii) striking pleadings in whole or in part;
(iv) staying further proceedings until the order is obeyed;
(v) dismissing the action or proceeding in whole or in part;
(vi) rendering a default judgment against the disobedient party; or
(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

It is hereby recommended that Plaintiff's Motion for Default Judgment as to Corporate Receivables, Inc. (Dkt. 106) be **granted**, and that default and then default judgment be entered against Defendant CRI. The undersigned further recommends that Plaintiff be ordered to submit an application for default judgment complying with the rules of this court, and that the application be referred to the undersigned for consideration of the amount of the default judgment.

Respectfully submitted,

Date: July 8, 2009  /s/ Ellen S. Carmody
ELLEN S. CARMODY
United States Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).