UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

PAMELA WELLS,

    Plaintiff,

v.

CORPORATE ACCOUNTS RECEIVABLE,

    Defendant.

Case No. 1:07-cv-1214

HONORABLE PAUL L. MALONEY

Magistrate Judge Ellen S. Carmody

---

# OPINION and ORDER

**Granting in Part and Denying in Part the Fee Petition of Plaintiff's Counsel Guznack;**
Directing the Defendant to Pay $1,280 to Guznack

**Granting in Part and Denying in Part the Fee Petition of Plaintiff's Counsel Lyngklip & Petrik;**
Directing Plaintiffs' Counsel to File a Proposed Fee Award According to Hourly Rates Fixed Herein
and Incorporating Adjustments Offered in their Reply Brief

Plaintiff Pamela Wells received $2,500 in damages for violations of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692k ("FDCPA"). The court determines, and defendant Corporate Accounts Receivable ("CRI") concedes, that Wells's counsel are entitled to an award of attorneys fees as a prevailing party under the Act. *See Wright v. Fin. Servs. of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1999) (title 15 U.S.C. § 1692k(a)(3) entitles a plaintiff in a "successful action to enforce the FDCPA" to recover "the cost of the action, together with a reasonable attorney fee as determined by the court").

Wells requests about $94,000, which CRI characterizes as "grossly excessive." *See* Defendant CRI's Brief in Response to Plaintiff's Request for Attorneys' Fees ("Def's Opp") at 3. Specifically,

CRI contends that this case "should have settled for an amount of somewhere between $4,500.00 - $7,500.00 shortly after the parties filed their Rule 26(f) Joint Discovery Plan." *Id.* CRI advances four respects in which Wells's fee request is excessive: (1) Wells should have sought summary judgment early on, when she learned that CRI employee Angela Galvan had violated the FDCPA; (2) Wells never communicated a settlement demand; (3) Wells' counsel performed tasks which did nothing to resolve the case swiftly; and (4) certain "line items" in Wells' counsel's bill were duplicative, unnecessary, or excessive. *Id.*

"A federal court's analysis of a petition for attorney's fees begins with a review of the 'lodestar': 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Falcon Waterfree Technologies, LLC v. Janssen*, 2008 WL 4534119, *2 (W.D. Mich. Oct. 6, 2008) (Scoville, M.J.) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). "Although the Supreme Court fashioned the lodestar approach to govern the assessment of statutory fees under 42 U.S.C. § 1988, the Sixth Circuit generally applies this approach to all fee petitions seeking an award of 'reasonable' attorney's fees." *Falcon*, 2008 WL 4534119 at *2 (citing *B&G Mining, Inc. v. Director, Office of Workers Comp. Programs*, 522 F.3d 657- 661-63 (6th Cir. 2008)). The party seeking fees has the burden of substantiating all components of the request, including the hourly rate and the number of hours expended on each task or type of task. *See Reed v. Rhodes*, 179 F.3d 453, 472 (6th Cir. 1999).

As for the tasks completed by plaintiff's counsel Lyngklip and Petrik, and the amount of time expended on those tasks, the court finds that counsel spent reasonable amounts of time on appropriate tasks. In particular, the court rejects defendant CRI's notion that plaintiff's counsel unnecessarily multiplied and prolonged these proceedings and should thus be deprived of reimbursement for work done after some point much earlier in litigation when they should have settled. On the contrary, for

example, defendant CRI could have simply consented to summary judgment when Wells filed her motion for partial summary judgment (document #89) on March 31, 2009, yet CRI had a new attorney enter an appearance on April 7, 2009 who did no such thing, letting the motion sit. As for the suggestion that Wells's counsel should have moved for summary judgment sooner, they correctly point out that a motion for summary judgment filed before the close of discovery is often denied as premature in this circuit, either on the opposing party's Rule 56(f) affidavit and request or on the court's own initiative without an explicit request from the opposing party. Conversely, the record discloses no strong reason why CRI could not have withdrawn its defenses and stipulated to liability far earlier in the case –rather than waiting until the week scheduled for trial.

The court need not, and will not, get bogged down further in the parties' recriminations about who is more to blame for the case not being resolved sooner and at lesser expense. "[A]s the Supreme Court has stated not once, but repeatedly, the resolution of a motion for attorneys' fees should not become a 'second major litigation itself.'" *Citizens Ins. Co. of America v. KIC Chemicals, Inc.*, 2007 WL 2902213, *4 (W.D. Mich. Oct. 1, 2007) (Enslen, Sr. J.) (quoting *Buckhannon Bd. & Care Home, Inc. v. West Virginia Dep't of HHS*, 532 U.S. 598, 609 (2001) (Rehnquist, J., for the majority) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983))). Suffice it to say that the record does not convince the court that plaintiffs' counsel Lyngklip and Petrik engaged in any bad faith tactics, or made any indefensible judgments about how to proceed in their case, which unduly multiplied proceedings and their cost. The court turns instead to a determination of appropriate hourly rates for plaintiff's counsel.

"'To arrive at a reasonable hourly rate, courts use as a guide the prevailing market rate, defined as the rate that lawyers of comparable skill and experience can reasonably expect to command within the venue of the court of record.'" *B&G Mining*, 522 F.3d at 663 (quoting *Gonter v. Hunt*

*Valve Co., Inc.*, 510 F.3d 610, 618 (6th Cir. 2007)). "The appropriate rate, therefore, is not necessarily the hourly rate sought by the moving party, but is a market rate 'sufficient to encourage competent representation.'" *Falcon*, 2008 WL 4534119 at *3 (quoting *B&G Mining*, 522 F.3d at 663).

This court has followed Judge Quist's useful formulation of the factors guiding the determination of what is a reasonable rate for an attorney in our locale to charge for certain work:

> "The reasonable hourly rate in the community may be established through proof of rates charged in the community under similar circumstances as well as opinion evidence of reasonable rates. Other relevant sources include the attorney's actual billing rate and fee awards from prior cases. Finally, a court may determine a reasonable rate based on its own expertise and judgment."

*Streamline Packaging Sys., Inc. v. Vinton Packaging Group, Inc.*, 2008 WL 227851, *2 (W.D. Mich. Jan. 25, 2008) (quoting *Garber v. Shiner Enters., Inc.*, 2007 WL 4557857, *1 (W.D. Mich. Dec. 21, 207)).

Ian Lyngklip, Esq., requests $375 per hour, Julie Petrik $275 per hour, and Rochelle Guznack $200 per hour. CRI responds by pointing to two recent Eastern Michigan decisions: *Gomez v. Allied Interstate, Inc.*, No. X, 2007 U.S. Dist. LEXIS 67641 (E.D. Mich. 2007), where Judge Robert Cleland lowered an FDCPA counsel's hourly rate from $350 to $200 on the premise that the case was not complex and was partly "boilerplate" (as CRI contends *this* case was), and *Kuhne v. Law Offices of Timothy E. Baxter & Assocs., PC*, 2009 WL 1798126 (E.D. Mich. Mar. 27, 2009) (rejecting $4,276 fee request, awarding $1,550 fees and $350 costs to counsel who won $1,000 damages), which approved a $265 hourly rate for a consumer/debt attorney who had nearly twenty years of experience practicing law. CRI suggests hourly rates of $250 for Lyngklip (instead of $375), $200 for Petrik (instead of $275), and $150 for Guznack, who has over eight years of experience (instead of $200).

Adjudicating another FDCPA fee petition just months ago, Magistrate Judge Brenneman stated that the "hourly rate of $250 could fall within the reasonable range for an attorney of [a certain

-4-

experienced attorney] caliber for federal consumer rights litigation in the Grand Rapids [West Michigan] area." *Richard v. Oak Tree Group, Inc.*, 2009 WL 3234159, *3 (W.D. Mich. Sept. 30, 2009) (reducing requested fee by 85% for other reasons). The court also notes that "[t]he 2007 Economics of Law Practice Summary Report by the State Bar of Michigan states that the median hourly rate for attorneys in the 20 to 29 year experience range is $200.00 and that the 75th percentile rate is $250.00." *Jackson v. Butler*, 2009 WL 5217675, *6 (E.D. Mich. Dec. 29, 2009) (Borman, J.); *see also Kirby v Grand Traverse Cty. Sheriff's Dep't*, 2009 WL 3234147, *2-3 (W.D. Mich. Sept. 30, 2009) (Bell, J.) (citing 2007 Survey and awarding $200 hourly rate for 20- to 29-year attorney). *See generally O'Connor v. TransUnion, LLC*, 2008 WL 4910670, *6 (E.D. Mich. Nov. 13, 2008) ("District courts have relied on the State Bar of Michigan Economics of Law Practice Survey to determine average billing rates in Michigan, and the Sixth Circuit has approved this practice.") (citing *Lamar Advertising Co. v. Charter Twp. of Van Buren*, 178 F. App'x 498, 501-02 (6th Cir. 2006)).

The court further notes that two and a half years ago, Judge Quist found that for an attorney in Grand Rapids, Michigan who had practiced law for 25 years, including ten years exclusively representing consumers, an appropriate hourly rate was $300, particularly where the attorney had handled class-action consumer-rights actions in this district before. *See Moore v. Cycon Enters., Inc.*, 2007 WL 2320051, *3-4 (W.D. Mich. Aug. 10, 2007) (citations omitted); *see also Dowling v. Litton Loan Servicing LP*, 320 F. App'x 442 (6th cir. 2009) (affirming award at rate of $300 per hour for successful plaintiff's counsel in FDCPA action); *Conley v. Aggeler*, 2007 WL 295230 (W.D. Mich. Jan. 25, 2007), where Chief Judge Bell approved $250 per hour for plaintiff's counsel in Credit Repair Authorization Act; and *Gradisher v. Check Enforcement Unit, Inc.*, 2003 WL 187415 (W.D. Mich. Jan. 22, 2003), where Judge found that $300 per hour was appropriate or lead counsel in a class action asserting claims under the FDCPA and its Michigan counterpart statute.

Lyngklip and Petrik also submit a survey on fair debt-collection / consumer-rights practitioners' salaries, seeming to show higher average salaries in this field than in our District generally, but the survey is of little use to Lyngklip for two reasons. First, Lyngklip and Petrik must specifically cite to and discuss the precise relevant portion of the survey, which they do not do sufficiently, and it is not the court's job to scour the survey for potentially relevant data. Second, Lyngklip and Petrik do not explain how to "translate" or adjust from this study's average salaries, which seem typically to pertain to a large geographic region – including Michigan and many other States which may have economic circumstances and legal economies/salaries much different from West Michigan.

**Accordingly, for attorney Lyngklip** – who has been practicing law for more than seventeen years, has published numerous articles on Fair Credit Reporting and Fair Debt Collection under federal law, has concentrated on consumer rights litigation since 1995, was the senior partner in Lyngklip & Taub Consumer Law Group from 1998-2007, has specialized in federal-court consumer-rights litigation since 2000, has instructed University of Detroit-Mercy Law School students in a clinical setting about how to defend debt-collection cases, and continues to train consumer advocates regularly, *see* Fee Petition, Exs 10 and 11 – **the court approves an hourly rate of $300.**

**But as for Petrik and Guznack, each of whom has 8-9 years of experience practicing law,** the court notes Judge Edmunds's finding, less than two years ago, that $200 per hour was a reasonable rate in Eastern Michigan for an attorney who had practiced for eight years and obtained millions of dollars in settlements and verdicts in that district. *See Mabbitt v. Midwestern Audit Serv., Inc.*, 2008 WL 1840620, *4 (E.D. Mich. Apr. 23, 2008) (approving request for 51 hours of legal work totaling $10,223 in fees and $538 in costs); *see also Asmar v. Benchmark Literacy Group, Inc.*, 2007 WL

925623, *3 (E.D. Mich. Mar. 28, 2007) (Edmunds, J.) (approving $200 per hour for plaintiffs' counsel in Credit Repair Organizations Act action, as reasonable in light of 2003 State Bar of Michigan Economics of Law Survey showing that attorneys with 5-10 years experience in Oakland County, Southeast Michigan earned an average of $175-185 per hour); *Strickfaden v. Park Place Mortg. Corp.*, 2008 WL 3540079, *6 (E.D. Mich. Aug. 12, 2008) (approving $225 per hour for plaintiff's counsel in action asserting Truth in Lending Act and other claims). Just over a year ago, Magistrate Judge Scoville of our District approved a $195 hourly rate in Grand Rapids for "as associate with less than ten years experience", where 2007 Michigan Bar Survey showed a median fee of $195 for all firms surveyed. *See Falcon*, 2008 WL 4534119 at *3. **The court will approve the $200 hourly rate requested by Guznack.** The court will also accept and implement Guznack's offer, in the reply brief, to lower her request from 11 hours to 6.4 hours (dropping 3.6 hours spent reviewing materials prepared by other attorneys and 1 hour spent attended a settlement conference which was also attended on plaintiff's behalf by attorney Petrik). *See* Def CRI's Opp to Fees at 12-13.

Our circuit has noted that "Congress," in enacting fee-shifting provisions in statutes such as the Truth in Lending Act and the FDCPA, "did not intend that lawyers, already a relatively well-off professional class, receive excess compensation or incentives beyond the amount necessary to cause competent legal work to be performed in these fields." *Coulter v. State of Tennessee*, 805 F.2d 146, 148-49 (6th Cir. 1986) (citing S. REP. NO. 94-1011 at page 6). The substantial, yet somewhat more-limited, hourly rates announced today, and the concessions made by Wells's counsels' reply brief, yield an award which serves this balance struck by Congress.

# ORDER

Plaintiff's counsel Rochelle Guznack's motion for attorney fees [doc. # 138] is **GRANTED in part** AND **DENIED in part**.

No later than Friday, April 2, 2010, the **defendant SHALL PAY** $1,280 (one thousand two hundred and eighty dollars and zero cents) to Rochelle Guznack as attorney fees.

Plaintiff's counsel Ian Lyngklip and Julie Petrik's motion for attorney fees [doc. # 139] is **GRANTED in part** AND **DENIED in part**.

No later than Friday, March 12, 2010, plaintiffs' counsel Lyngklip and Petrik **SHALL FILE** a proposed fee award order which (1) uses the hourly rates of $300 (three hundred) for Lyngklip and $200 (two hundred dollars and zero cents) for Petrik and (2) excludes charges according to all the concessions offered in their reply brief at pages 2-6 under the rubrics Calendaring/Tickling, Images, Conferences, Forwarded Emails and Communications, and Review of Filed Documents.

This is <u>not</u> a final and immediately-appealable order.

**IT IS SO ORDERED** on this  8th  day of February 2010.

/s/ Paul L. Maloney
Honorable Paul L. Maloney
Chief United States District Judge